### BEARD v. JONES.

WILL.—The income of a testator's estate will all be used, if necessary, to maintain the family and educate the children, instead of being equally divided between the children, where the will directs the executors to use great care in their education, and empowers them to use the income and any of the principal necessary for that purpose, and provides for equal division of the estate when the youngest child reaches full age, until which time it is to be held as an entirety, unless it is necessary to sell some part for such maintenance and education.

Before GARY, J., Walhalla, July 5, 1894. Affirmed.

Action by Mrs. Hannah G. Beard against Cornelia Jones and A. B. Grantt, as executors of the last will and testament of Christopher Jones, deceased, and as to Mrs. Cornelia Jones, as devisee under said will, C. Furber Jones, Alice Kelly, Anna D. Kelly, Lee O. H. Jones, Nettie Jones, and Haynes Jones, commenced August, 1893, for appointment of a receiver, accounting by executors, and construction of will of Christopher Jones. At the trial, all was waived except construction of will.

The following is the will of Christopher Jones, with formal parts omitted: * * "*Second.* I direct and urge my executors to exercise great care in the education of my children, and, while bestowing due regard to the polite branches of learning, to keep prominently in view, it is my earnest desire that especial attention shall be devoted in preparing my children to be good, practical, and useful members of society, and to this end my executors are empowered to use the income of my estate, or any portion of my personal

property, or, if necessary, and my personal property should fail or be insufficient, in this event to sell such portions of my real estate for this purpose (after this expression of my desire that my children shall receive a thorough education), as I would reasonably do under the circumstances, if living.

"*Third.* I will and desire that all my real estate which I now, at the signing of this will, own in the county of Oconee, shall be held by my executors as an entirety, until my youngest. child shall arrive at the full age of twenty-one years, and that no portion thereof be sold until that time, unless by misfortune my estate becomes so reduced as to require that this landed property shall be necessary for the maintenance of my family and the education of my children, which is paramount to any other consideration; but should this contingency not occur, this said tract of land shall be managed and used by my executors for the joint benefit of my wife and children, until my youngest child is twenty-one years old; and when this period arrives, I will, devise, and bequeath all my estates, both real and personal, to my dear wife and children, to be divided amongst them share and share alike, the child or children of a deceased child take the share of his, her or their parent would have done if living, to be held by them and their heirs, respectively, forever."

The following is the decree of Judge Gary:

This case coming on to be heard by me, as to the proper construction of the last will and testament of Christopher Jones, deceased, the other questions made in the complaint having been settled by the parties before the hearing of this case, after hearing argument of the counsel for and against the proposition contended for, it is considered by the Court and it is adjudged, that the executor and executrix of the estate of said Christopher Jones, deceased, are authorized and empowered by said will to use all of the income, rents, and profits of said estate, for the maintenance and education of the widow and minor children of said tes-

tator, until the youngest child attains the age of twenty-one years, if so much be necessary for that purpose; and that if the said income, etc., is necessary for the maintenance and education of the widow and minor children of said Christopher Jones, then this plaintiff and the other children of said testator, who have passed the age of twenty-one years, are not entitled to any portion of the same.

It being admitted at the bar by the counsel for plaintiff that said income, etc., up to the present time, has not been more than sufficient for the maintenance and education of the widow and minor children, it is, therefore, further ordered, that the complaint herein be dismissed.

The plaintiff appeals from the judgment in this action on the following grounds, to wit:

1st. Because the Circuit Judge erred in holding that the widow, Cornelia Jones, is entitled to be maintained and educated from the income of the estate at the expense of the adult children; whereas he should have held that she is entitled only to a child's part, to wit: one-eighth of the income of said estate.

2d. Because the Circuit Judge erred in holding that the minor children and the widow were, if so much were necessary, entitled to the whole income of the estate for their maintenance and education till the youngest child shall be twenty-one years old, at the expense of all the other adult children.

3d. Because the Court should have held that the will nowhere makes any distinction between the children, but gives them and the widow, who is given a child's part, each one-eighth of the whole estate income as well as principal, and the coming of age of the youngest child is only mentioned as the date at which the landed property is to be divided.

4th. Because the Circuit Judge should have held that the will provided that if each child's part of the income became at any time insufficient to maintain and educate

him or her, then the corpus of the estate should be encroached upon for that purpose, and not that the share of the adult heirs should be taken therefor. ˙

*Messrs. Stribling & Shelor,* for appellant.

*Messrs. Cothran, Wells, Ansell & Cothran, Thompson & Jones,* and *E. L. Herndon,* contra.

Sept. 9, 1895. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. While there are other questions presented by the pleadings, the only question presented by this appeal is as to the disposition of the income of the estate of the testator, while awaiting the time appointed by the will for the distribution of the estate, which has not yet arrived. That question depends upon the inquiry as to what is the proper construction of the will; and his Honor, Judge Ernest Gary, who heard the case on circuit, rendered the following decree:

"This case coming on to be heard by me as to the proper construction of the last will and testament of Christopher Jones, deceased—the other questions made in the complaint having been settled by the parties before the hearing of this case—after hearing argument of the counsel for and against the proposition contended for, it is considered by the Court and it is adjudged, that the executor and executrix of the estate of said Christopher Jones, deceased, are authorized and empowered by said will to use all of the income, rents, and profits of said estate for the maintenance and education of the widow and minor children of said testator until the youngest child attains the age of twenty-one years, if so much be necessary for that purpose; and that if the said income, etc., is necessary for the maintenance and education of the widow and minor children of said Christopher Jones, then this plaintiff and the other children of said testator who have passed the age of twenty-one years are not entitled to any portion of the same. It being admitted at the bar by the counsel for plaintiff that said in-

come, etc., up to the present time, has not been more than
sufficient for the maintenance and education of the widow
and minor children, it is, therefore, further ordered, that the
complaint herein be dismissed."

From this judgment the plaintiff appeals upon the sev-
eral grounds set out in the record, which should be incor-
porated in the report of this case.

The practical question made by these grounds is, whether
the income of the estate, while in the hands of the execu-
tors awaiting the coming of age of the youngest child, the
period at which the testator directs that his whole estate
shall be equally divided amongst his wife and children,
share and share alike, shall be kept together and appropri-
ated to the maintenance of the family and the education of
the children, or whether such income as it is received shall
be equally divided amongst the wife and children, so that
the wife and each child should receive one-eighth part
thereof, there being seven children.   Of course, the solution
of this question depends upon the inquiry, what was the in-
tention of the testator, as disclosed by the terms of his will,
read in the light of the surrounding circumstances.   For
this purpose a copy of the will should be incorporated in
the report of this case.

That instrument, though not couched in such formal and
precise language as would have been employed by an ex-
pert, plainly evinces that the primary object of the testator
was to secure for his children a good education, and the
suitable maintenance of his wife and children whilst that
object was being attained.   For this purpose, therefore, he
devotes not only the whole income of his estate, but even
goes further, and provides for a sale of so much of the
corpus of his estate as might be necessary to accomplish this
paramount object, if the income should be insufficient for
that purpose.   There is not a word in the will which indi-
cates any intention that the income should be *divided;*
and, on the contrary, a division would be wholly inconsist-
ent with the manifest scheme of the will, and would prob-

ably frustrate the accomplishment of the main object of the testator. It being admitted that the whole income of the estate has not been more than sufficient to accomplish the primary purpose of the testator, any inquiry as to what should be done with the surplus of the income, if there should be such a surplus, presents a purely speculative question, and hence such an inquiry cannot be entered upon in the present case. The view which we have taken is supported by the case of *McFeely* v. *Gadsden*, 2 Strob. Eq., 69, cited by counsel for respondents, which, though not directly in point, is quite analogous to the present case.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.